J. S20015/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF:  S.J., A MINOR  :    IN THE SUPERIOR COURT OF
                :          PENNSYLVANIA
APPEAL OF:  S.J.,              :
                :       No. 707 WDA 2014
          Appellant    :

Appeal from the Order Entered April 3, 2014,
in the Court of Common Pleas of Allegheny County
Juvenile Division at Nos. Docket # 98-1653, JID# 50795-A, T178456

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:       **FILED APRIL 14, 2015**

S.J. appeals from the order of disposition of April 3, 2014, following his adjudication of one count of aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(1).  The charge related to an incident on or about January 19, 2014, when appellant digitally penetrated the sleeping victim following an unsupervised house party.  Appellant was placed at Abraxas Secure Academy and ordered to comply with the lifetime registration requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 - 9799.41.  This timely appeal followed.

As the Commonwealth recognizes, in ***In the Interest of J.B.***, 107 A.3d 1 (Pa. 2014), our supreme court held that SORNA's automatic lifetime registration provision violates juvenile offenders' due process rights by utilizing an irrebuttable presumption that all juvenile sexual offenders pose a high risk of recidivism.  Our supreme court found that the presumption is not

universally true and that a reasonable alternative means currently exists for determining which juvenile offenders are likely to recidivate. Therefore, the court determined that the application of SORNA's lifetime registration provision as applied to juveniles is unconstitutional.

Order vacated. Remanded for entry of an order removing appellant from SORNA registration. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015